# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

CASSANDRA JORDAN,         )
     *Plaintiff*,         )
         )
v.         )     Case No. 1:24-cv-00320-CLC-CHS
         )
EMERALD HOUSING MANAGEMENT,  )
LLC, CLEVELAND SENIOR HOUSING,  )
ANDREA LANGLEY, LYN JENKINS,  )
MICHELLE MITCHELL, STACY    )
SMITH, and ALFRED BOYD,    )
     *Defendants*.        )

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Cassandra Jordan, *pro se*, is proceeding *in forma pauperis* [Doc. 9]. This Court is responsible for screening all actions filed by plaintiffs proceeding *in forma pauperis* and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### II.    Background

Plaintiff brings a federal claim under 42 U.S.C. § 1983 for conspiracy to deprive her of a civil right. [Doc. 3 at 20-21]. Plaintiff claims Defendants' "actions were intended to have Plaintiff locked up and deprive her of her right to freedom." [*Id.* at 20]. Plaintiff's other seven claims for malicious prosecution, libel, defamation, stalking, gang stalking, making false statements, and filing false charges, all arise under Tennessee law. [*Id.* at 17-20].

### III.    Discussion

#### A.    Standard of Review

The standard required by §1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) However, a court is not required to accept legal conclusions without a factual basis when reviewing a complaint to determine if it states a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, the complaint must state "a plausible claim." *Iqbal*, 556 U.S. 662 (2009). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

#### B.    Analysis

To make a claim under 42 U.S.C. § 1983, a plaintiff is required to show that she has been deprived of a right, privilege, or immunity secured to her by the *United States Constitution or other federal law* and that the defendants caused the deprivation while they were acting under color of state law. *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020); *Gregory v. Shelby Cnty, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley*, 167 F.3d 1014, 1017 (6th Cir. 1999).

Plaintiff does not allege that Defendants are state actors. However:

A private actor may be considered a person acting under color of state law (a state actor) if (1) the deprivation complained of was caused by the exercise of some right or privilege created by the state and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

The Sixth Circuit applies three tests for determining whether private action is fairly attributable to the state: the nexus test, the public function test, and the state compulsion test. The nexus test requires that a sufficiently close relationship exist between the state and the private actor (through regulation or by contract) so that private action may be attributable to the state. The public function test requires that the private actor exercise powers that are traditionally reserved to the state. And, the state compulsion test requires proof that the state significantly encouraged or coerced the private actor, either overtly or covertly, to take a particular action so that the choice is actually that of the state.

*Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (cleaned up).

Plaintiff does not allege sufficient facts to meet her burden under any of the tests. Plaintiff's allegations lay out acts by private actors with no apparent connection to the state and/or a power traditionally reserved to the state. Further, Plaintiff does not allege that she was actually deprived of her right to freedom. Instead, she merely states that Defendants' actions "were *intended* to . . . deprive her of her right to freedom." [Doc. 3 at 20 (emphasis added)].

Plaintiff's only allegation that can be construed as depriving her of a right to freedom is in Paragraphs 48 and 49 where she states that Defendant Boyd would corner and threaten her. [*Id.* at 12]. However, as noted above, Plaintiff does not sufficiently allege that Defendant Boyd was acting under color of law. Consequently, she cannot maintain this action under 42 U.S.C. § 1983.

Plaintiff's remaining claims all arise under Tennessee law. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship'

jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The Court will address both bases of subject matter jurisdiction *seriatim*.

"A plaintiff properly invokes § 1331 jurisdiction (federal question) when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* (parenthetical comment). As noted above, Plaintiff's only federal claim (i.e., 42 U.S.C. § 1983) is not viable. Thus, there is no subject matter jurisdiction under § 1331.

To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a), s*ee also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010). Under § 1332, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

However, Plaintiff alleges that she is a citizen of Tennessee, as are *all* of the Defendants. [Doc. 3 at 1-3]. Not only is there a lack of complete diversity, but there is a lack of any diversity of citizenship. Thus, there is no subject matter jurisdiction under § 1332.

Since Plaintiff cannot establish jurisdiction under 28 U.S.C. §§ 1331 or 1332, this action should be dismissed for lack of subject matter jurisdiction.[1]

---

[1] This analysis is not a comprehensive review of all the shortcomings of this complaint.

**IV.    Conclusion**

For the reasons set forth above, it is hereby **RECOMMENDED**[2] that this lawsuit be

**DISMISSED** for failure to state a claim upon which relief can be granted.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).